## UNITED STATES v. HALL et al.

(District Court, S. D. Georgia, E. D. August 4, 1913.)

1. CRIMINAL LAW (§ 314*)—PRESUMPTIONS—PUBLIC KNOWLEDGE.

Every person is charged with knowledge that all railways in the United States are mail routes, and that all passenger trains on such railways ordinarily carry United States mail.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 747; Dec. Dig. § 314.*]

2. POST OFFICE (§ 48*)—UNITED STATES MAILS—OBSTRUCTION—INDICTMENT.

Where an indictment charged that accused unlawfully, knowingly, and willfully obstructed and retarded the United States mails and a certain car carrying the same, by unlawfully, etc., beating the engineer and fireman, without whose services the train could not be moved, it sufficiently

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

charged that defendant knew that there was a mail car in the train, and that in obstructing the train he was obstructing the United States mails.

[Ed. Note.—For other cases, see Post Office, Cent. Dig. §§ 67–80; Dec. Dig. § 48.*]

Clint Hall and others were indicted for retarding the mails. On demurrer to indictment. Overruled.

Alexander Akerman, U. S. Atty., of Macon, Ga.

A. Pratt Adams, of Savannah, Ga., for defendants.

SPEER, District Judge. This is a demurrer to two indictments, both against Clint Hall, Mac Davis, Harry Collins, Luther Dent, Cleve McElmore, and E. C. Brown, and No. 545 against Tom McLeod also. The indictments charge that the persons named—

"did unlawfully, knowingly, and willfully obstruct and retard the passage of the United States mail and of a certain car carrying the same."

In one indictment it is charged that the train was proceeding from Augusta, in the state of Georgia, to Madison in the state of Florida, and was carrying the mail between Augusta and Madison aforesaid and intermediate points. In that indictment it is charged that the persons named did—

"unlawfully, knowingly, and willfully by threats of personal violence compel the fireman, who was engaged in firing the engine pulling said train, * * * to desert said engine, and by threats of personal violence did prevent P. C. Newsome, the engineer who was engaged in running the engine pulling said train, who had temporarily left said engine in the discharge of his duties as such engineer, returning to said engine, it being necessary to have a fireman and an engineer on said engine in order to fire and operate the same, and did thereby prevent said train carrying United States mail, and said mail car carrying United States mail, from proceeding from Vidalia aforesaid to Madison aforesaid."

In the other indictment it is charged that the train on the Georgia & Florida Railway was carrying a mail car, in which car was a large quantity of United States mail, and was then and there being prepared to run from Vidalia to Millen, in the county of Jenkins, and the persons named did—

"unlawfully, knowingly, and willfully assault and beat one Sam Watson, who was then and there engaged in firing the engine which was prepared to pull said train, it being then and there necessary to have a fireman on said train to keep up the fire in the engine in order for it to pull said train, and by threats and violence did compel the said Sam Watson to leave said engine and desist from his duties as fireman of said engine, and did thereby prevent said train carrying United States mail, and said mail car carrying United States mail, from running from Vidalia aforesaid to Millen aforesaid."

The demurrers in both cases are practically identical, and, after the general objection that the indictment does not charge any offense, both contain that objection most material, viz., because the said indictment fails to set forth that the said defendants knew that there was a mail car on said train, or that there was United States mail in the car, or knew that the said train was carrying the mail.

[1, 2] It is probably true that these indictments will not be gen-

erally cited as precedents of precise and careful language or of accurate criminal pleading; but it is also true as matter of law that every one is charged with knowledge that all railways in the United States are mail routes and that all passenger trains on such railways ordinarily carry the United States mail. Persons, therefore, who by violence, or otherwise, unlawfully stop the operations and movements of such trains on the railways, are as a matter of law charged with knowledge that they may and are likely to arrest the operations of the Post Office Department of the United States which this criminal statute is intended to protect.

The law is a progressive science. Nothing is more important to commerce and intercourse between the people of the country, and, indeed, between our country and other lands, than the safe and certain transmission of the mails. The niceties of criminal pleading with regard to the scienter and guilty knowledge at the time when Chitty compiled and Archbold expounded have little importance to cases of this sort in a period when the mail is hourly distributed in centers of population and when the rural mail carrier daily transports it to the rude, humble, and well-nigh inaccessible homes, where other visitors are perhaps rarely seen. The operation of the mail is matter of common knowledge. It is known to the most ignorant.

It is true that the accused is entitled to be fully informed of the nature of the accusation against him, in order that he may make his defense; but when an indictment presents the charge that the accused unlawfully, knowingly, and willfully obstructs and retards the passage of the United States mail, and a certain car carrying the same, by unlawfully, knowingly, and willfully assaulting and beating the engineer and fireman, without whom it is also common knowledge that the train cannot move, he is sufficiently apprised of the charge against him to meet the constitutional requirement. This is all that the law demands. Had the pleader charged that the accused knew there was mail on the particular train, it would, perhaps, have been better, because it would have avoided the demurrer and consequent delay. I hold the indictment sufficient. It will be for the jury to determine whether the accused in fact acted unlawfully, knowingly, and willfully as charged.

For these reasons, the demurrers are overruled.